UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
D.D.M., a minor by Willie Moore, his
father, and Ursula Moore, his mother,
D.W.M., a minor by Willie Moore, his
father, and Ursula Moore, his mother,
WILLIE MOORE, URSULA MOORE,

           Plaintiffs,

   -against-

ST. MARY SCHOOL, BIAGIO M.
ARPINO, as principal of St. Mary School,
THE ROMAN CATHOLIC DIOCESE OF
ROCKVILLE CENTRE, KERRI
LECHTRECKER, individually and as the
mother of L.M., an infant, E.G.M.,
individually and as the father of L.M., an
infant, MIKE JONES, individually and as
parent and natural guardian of M.J., an
infant, CHRISTINE JONES, individually
and as parent and natural guardian of M.J.,
an infant, KRYSZTOF MARS,
individually and as the parent and natural
guardian of M.M., an infant, DOROTA
MARS, individually and as the parent and
natural guardian of M.M., an infant,

           Defendants.
---------------------------------------------------X

**ORDER**
18-CV-3099 (DRH)(GRB)

The Court has received and reviewed the four letters from the Defendants in response to the Court's Order dated July 12, 2018 ("Order"), directing Defendants to explain why they believe service of process to be insufficient. (*See* ECF Nos. 49–50, 52–53.) All Defendants echo the same argument that Plaintiffs failed to effect proper service because they never served either summons or the current version(s) of the complaint on the Defendants as required by Fed. R. Civ. P. 4.

Plaintiffs' first response to the issue of insufficient service of process was by letter filed on June 19, 2018, in which Plaintiffs claim that they had complied with the "spirit and intent" of the Federal Rules of Civil Procedure, and that "Defendants have had actual notice of this litigation since May 25, 2017[.]" (Pl.'s Response to Pre-Motion Conference App. [ECF No. 43] at 2.) Plaintiffs then filed a lengthy Memorandum of Law claiming that they were not required to serve a summons because they commenced the action by Order to Show Cause. Counsel also proffers that "under the unique and peculiar circumstances of this action," this Court could grant a waiver of the requirement for a summons under Fed. R. Civ. P. 4(d). (Pl.'s Mem. of Law [ECF No. 54] at 7.) As Plaintiffs never request a waiver, the Court will not entertain one. Waiver aside, Plaintiffs' argument is unavailing. First, the action was not brought against the parents by Order to Show Cause. In fact, Plaintiffs served the Defendant parents with outdated versions of the Complaint, not the Order to Show Cause, so the discussion in the Memorandum of Law is not germane. Second, the cases Plaintiffs cite (many of which are from district courts in other Circuits and are irrelevant on a question of New York law) do not preempt the requirements in Fed. R. Civ. P. 4. The cases allow for the Order to Show Cause papers to be served *before* the summons and complaint; which is to say that plaintiff is still required to serve the summons and complaint. *See, e.g.*, *Securities and Exchange Commission v. Capital Growth Co., S.A.*, 391 F. Supp. 593, 598 (S.D.N.Y. 1974) (considering a case in which a temporary restraining order was properly served eight days before a hearing, while the summons and complaint were served several days later).

Counsel's interpretation of the "spirit and intent" of the Federal Rules does not override the directives of Fed. R. Civ. P. 4. Upon reviewing the docket, it is clear that service of process has been insufficient here. As noted by Defendants, the Affidavits of Service on the docket

confirm that Defendants were only served with a copy of the Second Amended Verified Complaint, but not with summons. (*See* ECF Nos. 31–40.) At the time of service, the operative complaint was the "Re-Refiled Second Amended Verified Complaint"—not the Second Amended Verified Complaint, and there are no affidavits of service for either this version of the complaint or any of the more recent versions of the complaint. Finally, Plaintiffs have failed to serve infant Defendant M.J., as required by N.Y. C.P.L.R. § 309(a).[1] Accordingly, no traverse hearing is required because the Court can conclusively determine from the docket that service of process has been insufficient. Therefore, Plaintiffs are directed to effect proper service on all Defendants in accordance with the Federal Rules of Civil Procedure, on or before August 2, 2018.

Relatedly, in the intervening time since Defendants filed their responses to the Court's Order, Plaintiffs also filed a letter application for a pre-motion conference. It is unclear why Plaintiffs filed this action as an application for a pre-motion conference because there is no proposed motion. Rather, Plaintiffs seek: (1) for the Court to So Order a Notice of Discontinuance against the party E.G.M; (2) to direct the Clerk of Court to file an amended complaint attached to the letter; and (3) to find moot a supposed motion for sanctions from Defendant E.G.M. that has not been filed on the docket. As to Plaintiffs' first request, any Notice of Discontinuance should be filed as its own docket entry on ECF and appropriately titled as such; not filed as an attachment to an application for a pre-motion conference. Therefore, Plaintiffs' first request is denied at this time. Regarding Plaintiffs' second request, to the extent that Plaintiffs seek to file another Amended Complaint, they are directed to review Fed. R. Civ.

---

[1] Plaintiffs argue that they are not required to serve infant M.J. because he is not a party to the action. Plaintiffs are reminded that during the Order to Show Cause hearing the Court explicitly directed Plaintiffs to add the three infant children as parties by and through their parents pursuant to New York State law. Accordingly, Plaintiffs are required to serve infant M.J.

P. 15(a)(2), and to direct any such request to Magistrate Judge Brown. As such, the Court denies Plaintiffs' request to direct the Clerk of Court to file a fifth Amended Complaint.[2] Finally, the Court declines to entertain Plaintiffs' third request as there is no motion on the docket.

Dated: Central Islip, New York
       July 20, 2018                      /s Denis R. Hurley
                                                     Denis R. Hurley
                                                     United States District Judge

---

[2] Plaintiffs are reminded that going forward, any amended complaint should be designated by its chronological number, e.g., "Fifth Amended Complaint," in both the ECF docket entry and in the document. Moreover, Plaintiffs' counsel shall take note that letter applications for a pre-motion conference should not be filed as a motion.