

**Via Electronic Case Filing Only**

**March 12, 2020**

Hon. A. Kathleen Tomlinson, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

re   *D.W.M. et al.* v. *St. Mary School, et al.*   **2:18-cv-03099** (DRH–AKT)

Diocesan Defendants Violation of Court Order/ESI Order

Dear Judge Tomlinson:

This application involves the Diocesan Defendants' search parameters for their production of electronically stored information (ESI) and other discovery materials which Plaintiffs contend does not comply with Civil Conference Minute Order; Discovery Status Conference (D.E. 91).

Pursuant to the provisions of Local Rule 37-3 of the United States District Court for the Eastern District of New York, I certify under penalties of perjury that by teleconference, the undersigned and Victor John Yannacone, jr., Counsel for Plaintiff conferred with attorney Joseph Nador, Counsel for Defendants on March 3, 2020, from 1347 to 1607 hours EST and again on March 12, 2020 from 1508 to 1542 hours EDT in an effort to resolve the dispute in conformity with Fed. R. Civ. P. 37(a)(1).

### Production pursuant to D.E. 91, ¶14

Civil Conference Minute Order; Discovery Status Conference (D.E. 91), ¶11(1) requires Counsel for Defendants Nador to provide information as to "what instructions was each one given with respect to searching for ESI." Defendants have not yet provided such information.

135 Pinelawn Road, Suite 250s, Melville NY 11747

TEL: 631.450.2515 | FAX: 631.223.7377 | WEB: coryhmorris.com | EMAIL: info@coryhmorris.com

Pursuant to Federal and Local Rule 37, the following is Your Honor's Complete Order, D.E. 91, ¶ 14:

> "By March 2, 2020, Attorney Nador's clients who were involved in the search for electronically stored information ("ESI") shall each provide the Court with an affidavit containing the following information: (1) what instructions was each one given with respect to searching for ESI; (2) what did the individual do in response to those instru2ctions (i.e. how did they conduct their respective ESI search); (3) what each individual found as a result of the ESI search; (4) where the individual searched to find any ESI; (5) what were the results of the respective ESI search; (6) confirmation that the individual turned over all of the ESI found to their counsel. If these affidavits turn out to be unsatisfactory, the Court put the defendants on notice that it may permit plaintiffs' counsel to conduct depositions of the individuals who conducted the searches."

At the Meet & Confer teleconference on March 3, 2020, Counsel for Defendants stated that his instructions were verbal at a meeting, but he did not identify who was present at the meeting and the specific nature of his instructions. Finally after almost one hour of futile discussion, Counsel for Defendants admitted that the scope of the search was time limited to the period starting from April 2018 through the end of the 2018 school year at St. Mary Elementary School in June.

At the Meet & Confer teleconference on March 12, 2020, Counsel for Diocesan Defendants continues to insist on limiting the scope of production to just the period from April 2018 through the end of the 2018 School year making this application to the court necessary.

Counsel for Plaintiffs insisted that the relevant period for production was from the close of the 2016–2017 school year in June 2018 to date. Counsel for Plaintiff explained that the relevant documents included those relating to the administration and management of St. Mary Elementary School, all communications between and among the Diocese of Rockville Centre and St. Mary Elementary School particularly all

those communications in any form relating to safety, student discipline, the environment for learning at St Mary Elementary School as well as the race/cyber-assaults described in the Plaintiffs verified complaint.

As an example, as per each of the enclosed affidavits, in the Affidavit from Defendant Arpino he states,

> "3. I was contacted by Patrick F. Adams office and was asked to provide any and all documents prepared or maintained by me in connection with events surrounding this lawsuit. All documents that I would have created would have been prepared by my secretary, Jeanene Sloane, and maintained by her in her office. My e-mails were maintained on the computer located in my office. None of those e-mails were destroyed and remained on the computer when I left."

That answer is inadequate because it does not include information about telephone and text messages and it is artificially limited to "events surrounding this lawsuit." This omission continues throughout the affidavits.

Although served with a litigation hold and successive amended verified complaints, Defendant Arpino further states,

> "4. I was not asked to do a search because I was no longer at the school at the time. It is my understanding that Ms. Sloane was asked to provide all relevant records and that all relevant e-mails were turned over to defense counsel by the administrative staff that remained at the school."

No materials have been produced by Ms. Sloane. Plaintiffs respectfully request that this Honorable Court direct Defendants to produce the discovery materials for the period of time from the close of the 2016/2017 school year to date.

Respectfully Submitted,

Cory H. Morris, Esq.

CHM:Vy