| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

BEFORE:   A. KATHLEEN TOMLINSON           DATE:  6-19-2020
          U.S. MAGISTRATE JUDGE           TIME:  11:34 a.m. (39 minutes)

**D.W.M., et al. v. St. Mary School, et al.**
**CV 18-3099 (DRH) (AKT)**

TYPE OF CONFERENCE:        **TELEPHONE STATUS CONFERENCE**

APPEARANCES:   Plaintiffs:    Cory H. Morris
                              Victor John Yannacone, Jr.

               Defendants:    Joseph M. Nador (St. Mary's School, Biagio M. Arpino
                                 and The Roman Catholic Diocese of Rockville Centre)

                              Stephen A. Ruland (Krzysztof Mars and Doreta Mars, as
                                 parents and natural guardians of infant M.M.)

                              Vesselin V. Mitev (Kerri Lechtrecker, as parent and natural
                                 guardian of Infant L.M.)

                              Christopher Mestecky (NO APEARANCE)
                                 (Mike Jones and Christine Jones, as parents and natural
                                 guardians of infant M.J. and M.M.)

FTR through teleconference line:   11:34-12:13

THE FOLLOWING RULINGS WERE MADE:

1. The Court previously set today's conference as a control date to confirm compliance with the discovery schedule memorialized in the February 12, 2020 Civil Conference Minute Order ("CCMO") at DE 91. The pending motions on the docket filed by the plaintiffs at DE 97, 98, and 100 were resolved in part.

2. At the outset, the Court noted two procedural deficiencies arising from plaintiffs' discovery motions [DE 97, 98]. First, plaintiffs' motions did not strictly adhere to Local Rule 37.1 in that they failed to set forth verbatim the underlying discovery request and response as required by Rule 37.1. Nonetheless, plaintiffs' counsel, to a degree, paraphrased the discovery request, stating that the relevant documents at issue are: "All communications between and among the Diocese of Rockville Center and St. Mary Elementary School particularly all those communications in any form relating to safety, student discipline, the environment for learning at St. Mary Elementary School as well as the race/cyber-assaults described in the Plaintiffs['] verified complaint."  *See* DE 97 at 2-3. Second, defendants' opposition [DE 99] to plaintiffs' motion was untimely, pursuant to Section III(a) of this Court Individual Rules, and therefore the Court declined to consider the bulk of defendants' opposition.

3. Plaintiffs' motion to compel defendants St. Mary School, Biagio M. Arpino (former Principal of St. Mary School), and The Roman Catholic Diocese of Rockville Center to supplement

their ESI affidavits and produce relevant and responsive ESI [DE 97] is GRANTED, in part, and DENIED, in part.

Plaintiffs' request for "all communications between and among the Diocese of Rockville Center and St. Mary Elementary School" is overly broad and does not comply with the proportionality requirements embedded in the 2015 amendments to Rule 26(b). Further, asking for "communications relating to … the environment for learning" is not only ambiguous and overly broad, but its relevance is marginal, if relevant at all, and is not proportional to the needs of the case. To the extent that there are policy statements, procedural statements or staff directives concerning student safety, student discipline, bullying (cyber or actual), policies or guidelines concerning computer-based interactions between students or between students and staff, and any anti-discrimination policies, the defendants are required to turn those materials over within 30 days. Beyond these materials, the Court will not require defendants to further respond to plaintiffs' request.

The ESI Affidavits [DE 94] are satisfactory except for the restricted time frame for which the search was conducted. Defendants must return to their sources of ESI to search further for additional materials which fall within the period spanning the close of the 2016-2017 school year and up to June 2018.

Defendants must conduct the appropriate ESI search in accordance with these directives and produce any responsive documents to the plaintiffs by July 20, 2020. Any further supplemental discovery responses must also be provided by this date.

4. Plaintiffs' motion to compel the deposition of defendant Arpino [DE 98] is terminated as MOOT.

5. The Court spent some time discussing certain concerns it had with the plaintiffs' Infant Compromise Order [DE 100] which was referred to this Court by Judge Hurley. The Court has reservations about the propriety of an infant compromise order in the circumstances which exist in this case. The Court raised the issue of alternative mechanisms such as the withdrawal of claims against the minor defendant discussed today under Rule 41 or the filing of a Stipulation of Discontinuance which could be held in escrow to accomplish plaintiffs' intended purpose. Plaintiffs' counsel must advise the Court in writing as to how they intend to proceed regarding this issue by June 26, 2020.

6. Counsel for the parties advised that no fact depositions remain to be completed with the exception of the infant plaintiff. Plaintiffs' counsel further advised that they waive any depositions for which they have notices outstanding. All fact depositions must be completed by August 3, 2020. The Court does not intend to further extend this deadline.

7. Plaintiffs' counsel intends to introduce testimony from the plaintiffs' treating physicians solely in their capacity as treating physician and not as experts. At this juncture, plaintiffs do not intend to introduce any expert witnesses.

8. Defendants' counsel intends to conduct an IME of the infant plaintiffs. Any IME must be completed by August 26, 2020. Plaintiffs' counsel must notify the Court if, and how, they intend on responding to the IME by September 9, 2020 (i.e., introduce a rebuttal expert, take the deposition of the examiner, do nothing further, etc.). If further action is needed, the Court will set any necessary deadlines at that time. Assuming plaintiffs' counsel does not

      intend on taking any further action, the parties are directed to file any letter requests for a pre-motion conference for purposes of moving for summary judgment to Judge Hurley by September 30, 2020.

9.       To the extent there are any disputes arising from post-deposition discovery demands, counsel are directed to first meet-and-confer, pursuant to their obligations under local Rule 37.3, to resolve the dispute. The extent there are unresolved issues, a letter motion which complies with Local Rule 37.1 must be filed by July 7, 2020. Any motion which does not comply with the formatting requirements and directives of Rule 37.1 will be returned to counsel.

                                                            **SO ORDERED.**

                                              /s/ A. Kathleen Tomlinson
                                              A. KATHLEEN TOMLINSON
                                              U.S. Magistrate Judge