*Tierney & Tierney*

Attorneys at Law
409 Route 112
Port Jefferson Station, New York 11776
(631) 928-1444
Fax: (631) 928-5705

John J. Tierney, Esq.
Michael E. Tierney, Esq. (Retired)

Of Counsel:
Stephen A. Ruland, Esq.

September 21, 2020

Via ECF
Honorable Denis R. Hurley
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    D.W.M. et.al. v. St. Mary's School, et.al.
            Docket No.:   18-cv-3099
            (DRH)(AKT)

Dear Judge Hurley:

      My firm represents the Defendant, M.M., by and through his parents and natural guardians Dorota Mars and Krzysztof Mars in this matter. Pursuant to your Honor's Individual Practice Rules, Defendant requests a pre-motion conference in anticipation of filing a motion for summary judgment pursuant to Fed.R.Civ.P.56 as discovery is complete.

      On August 27, 2019 your Honor issued an Order after all Defendants filed motions to dismiss. Based on that Order only the cause of action of Intentional Infliction of Emotional Distress remains against Infant, M.M. This action arises out of an internet based exchange of eight (8) images on a platform called "Discord" between teenage Plaintiff D.W.M. and other named Defendants (Defendant M.J. was discontinued from this action).

      There are four (4) elements of proof needed for a claim of Intentional Infliction of Emotional Distress "i) extreme and outrageous behavior, ii) intent to cause or disregard of a substantial probability of causing severe emotional distress, iii) a causal connection between the conduct and the injury, and iv) severe emotional distress." Howell v. New York Post Co, Inc., 81 N.Y.2d 115 (1993).

      M.M., who was fourteen years old at the time of the alleged incident, is being accused of causing Intentional Infliction of Emotional Distress to Plaintiffs. I would join with co-defendant's L.M.'s counsel's reasoning regarding the images and whether they amount to extreme and outrageous behavior in his pre-motion conference request letter dated September 15, 2020 (ECF document 104).

Unlike L.M., my client M.M. was deposed on March 20, 2020. There is no doubt from my client's testimony that the intent element of the cause of action cannot be proven. The essence of M.M's testimony was that M.J. asked for an image of D.W.M. on the Discord server. So M.M. sent a photograph of himself with D.W.M. He didn't think of any harm since he himself was also in the photo and didn't believe M.J. would do anything with it. He was friends with D.W.M. Unbeknownst to him L.M. photo-cropped M.M. out of the picture and allegedly used D.W.M.'s face on the images in question. D.W.M. wanted M.M. to delete the image which he did but L.M. had already saved it. D.W.M. and M.M. remained friendly until a few weeks later. In an attempt to "cheer D.W.M. up", M.M. e-mailed D.W.M. a project commercial from his Seminar class which had M.M.'s project team in it including L.M. Thus D.W.M. is claiming that M.M. was trying to intimidate him.

In a nut shell M.M. 's involvement was supplying a picture. He did not create or post any of the images. Later he e-mailed a project picture thinking it would cheer up D.W.M. whom M.M. believed was still his friend. Such actions are a far cry from proving a claim of Intentional Infliction of Emotional Distress. His conduct did not cause any injury. Also as to the remaining Plaintiffs none of them had dealings with M.M. thus there could be no Intentional Infliction of Emotional Distress as it pertains to them.

There can be no material dispute about the facts as laid out by M.M.'s testimony and the lack of intent on his part. For this and other reasons Defendant M.M. respectfully seeks to leave file a Rule 56 motion.

Yours truly,

Stephen A. Ruland

cc: Counselors (via ECF)
Client (via e-mail)